# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTINE LIVESAY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PHILLIP DUNTIN MURPHY,<br><br>　　　　Defendant. | Case No. 3:21-cv-02395 (BRM) (TJB)<br><br>**MEMORANDUM ORDER** |

**THIS MATTER** is before the Court on Plaintiff Christine Livesay ("Plaintiff") motion for an order for an Emergent Temporary Restraining Order (Injunctive Relief) (ECF No. 22) and follow-up submissions and exhibits (including electronic submissions).[1]

Plaintiff seeks an order for injunctive relief, enjoining Governor Murphy from the "continued required use of experimental products (masks) on [her] children and on behalf of all children in New Jersey schools, daycare and summer camp settings." (*Id.* at 3.) She argues required use of masks requires informed consent, is a "crime against humanity and violates the Nuremberg Code." (*Id.*) She further argues that masks are not effective against virus protection, that "there is no legitimate reason for children to be wearing [them]," and that this Court should "hold a public hearing" to "let the parents speak" because "[i]t is [their] right" and "[t]here has been no due process in this matter." (*Id.*)

The Court finds Plaintiff has not met her burden in establishing that injunctive relief is

---

[1] Subsequent to the filing of Plaintiff's motion, Defendants filed a reply (ECF No. 24) in connection with their pending Motion to Dismiss (ECF No. 15). Plaintiff construed it as a reply to her motion for injunctive relief and supplemented her motion. (ECF Nos. 25, 26.)

1

appropriate. Injunctive relief is "an extraordinary remedy" and "should be granted only in limited circumstances." *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1426-27 (3d Cir. 1994) (internal quotation marks omitted); *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). To obtain such relief, the moving party must show:

> (1) a reasonable probability of eventual success in the litigation, and (2) that it will be irreparably injured . . . if relief is not granted. . . . [In addition,] the district court, in considering whether to grant a preliminary injunction, should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest.

*Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017) (quoting *Del. River Port Auth. v. Transamerican Trailer Transport, Inc.*, 501 F.2d 917, 919–20 (3d Cir. 1974)). The movant bears the burden of establishing "the threshold for the first two 'most critical' factors . . . . If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Id.* at 179. Having reviewed the motion and the subsequent submissions, the Court does not find a reasonable probability of eventual success in the litigation based on current record and finds no irreparable injury warranting immediate action. The pending motion to dismiss will be decided in due course.

Accordingly, for the reasons set forth above and for good cause appearing,

**IT IS** on this 1st day of July 2021,

**ORDERED** that Plaintiff's motion for an order for an Emergent Temporary Restraining Order (Injunctive Relief) (ECF No. 22) is **DENIED**.

*/s/Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
UNITED STATES DISTRICT JUDGE
